# Effect of Appropriations for Other Agencies and Branches on the Authority to Continue Department of Justice Functions During the Lapse in the Department's Appropriations

Where Congress has provided appropriations for the legislative branch, the Department of Justice may continue to provide testimony at hearings and perform other services related to funded functions of the legislative branch during a lapse in funding for the Department, if the participation of the Department is necessary for the hearing or other funded function to be effective.

Similarly, those functions of the Department of Justice that are necessary to the effective execution of functions by an agency or department of government that has current fiscal year appropriations, such that a suspension of the Department's functions during a lapse in its own appropriations would prevent or significantly damage the execution of those funded functions, may continue during the Department's funding lapse.

December 13, 1995

MEMORANDUM OPINION FOR THE ATTORNEY GENERAL

During the recent appropriations lapse we prepared for you a memorandum on the authority of the Department to participate in congressional hearings that were held during an appropriations lapse. *See Participation in Congressional Hearing During an Appropriations Lapse*, 19 Op. O.L.C. 301 (1995). This memorandum is intended to update that earlier memorandum in light of subsequent congressional enactments, particularly the Act providing appropriations for the legislative branch during the current fiscal year.

In his 1981 opinion, Attorney General Civiletti concluded that functions and activities could continue during a funding hiatus when authorization for their continuation was a valid inference from other funding decisions of the Congress. *Authority for the Continuance of Government Functions During a Temporary Lapse in Appropriations*, 5 Op. O.L.C. 1, 5 (1981). Attorney General Civiletti identified as one of the categories of activities that may continue during a lapse those functions that are "authorized by necessary implication from the specific terms of duties that have been imposed on, or authorities that have been invested in" an agency. *Id.* He explained that this category includes unfunded functions that enable other funded functions to be executed. The primary example of this is social security benefits. Attorney General Civiletti opined that, although those who administer the Social Security benefit program are paid out of annual appropriations that could lapse, they could continue to administer Social Security because the benefit itself is paid out of a permanent appropriation. *Id.* at 5 n.7.

In our recent memorandum to you, we applied this principle to Department of Justice participation in congressional hearings:

337

> The Department's officers and employees may also participate in a hearing despite an appropriations lapse if authority for such participation arises by necessary implication from another specific statutory duty or duties. *See* 5 Op. O.L.C. at 3–5. In the context of congressional hearings, this exception permits the Department to participate where there is express authority or an express and specific appropriation for the hearing itself, and the Department's participation is necessary for the hearing to be effective, even though there is no specific authority or appropriation available for the Department to participate. This exception also operates where there is express authority for a specific Department official to participate — such as might arise from a subpoena — but no express authority for support or assistance of the witness. The Department would regard support and assistance to the otherwise authorized participation as being justified by necessary implication. This approach follows from the well-settled practice with respect to Social Security. *See* 5 Op. O.L.C. at 5 n.7.

19 Op. O.L.C. at 303.

By enacting the legislative branch appropriations bill, the Congress has now decided that the funded activities of the legislative branch for the current year should proceed (and the President has concurred). Should the Department again experience a funding lapse, that specific decision by the Congress to fund its own activities in the context of a funding lapse for other components of government will support an implication similar to the one drawn in the case of Social Security. Accordingly, the Department may continue activities such as providing testimony at hearings if "the Department's participation is necessary for the hearing to be effective." *Id.* The Department would also be authorized to perform other services that bear a similar relation to other funded functions of the legislative branch.

A similar implication can also be supported by the specific decisions that Congress has made to fund other agencies and departments of government so that their functions are to continue during a funding lapse.[1] To the extent that any of the Department's functions are necessary to the effective execution of functions by an agency that has current fiscal year appropriations, such that a suspension of the Department's functions during the period of anticipated funding lapse would prevent or significantly damage the execution of those funded functions, the Department's functions and activitives may continue. Although, as Attorney Gen-

---

[1] Since the last appropriations lapse, seven fiscal year 1996 appropriations bills have been enacted· Military Construction, Pub. L. No. 104–32, 109 Stat. 283 (1995); Energy and Water, Pub. L. No. 104–46, 109 Stat. 402 (1995); Agriculture, Pub. L. No. 104–37, 109 Stat. 299 (1995); Transportation, Pub. L. No. 104–50, 109 Stat. 436 (1995); Treasury, Postal, Pub. L. No. 104–52, 109 Stat. 468 (1995); Defense, Pub. L. No. 104–61, 109 Stat. 636 (1995); Legislative Branch, Pub. L. No. 104–53, 109 Stat. 514 (1995). Other actions of the Congress may also support such an implication; for example, a multi-year appropriation under circumstances in which Congress was aware that performance of the function or activity would necessarily span fiscal years.

eral Civiletti noted, it could be argued that the failure to appropriate funds for the Department's activities expresses a congressional conclusion that the execution of activities of other agencies that have otherwise been funded should nevertheless either be suspended or significantly damaged by virtue of the lack of funding for the Department, we conclude, consistent with Attorney General Civiletti's treatment of Social Security, that the decision to fund those other activities in this fiscal year "substantially belies this argument," 5 O.L.C. at 5 n.7, and that the view presented here constitutes the better interpretation.

WALTER DELLINGER
*Assistant Attorney General*
*Office of Legal Counsel*